UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| U.S. RAIL CORPORATION, et al.,    ) | |
| ) | |
|    Plaintiffs,    ) | |
| ) | |
|     vs.    ) | CAUSE NO.  1:08-cv-585-WTL-DML |
| ) | |
| WILLIAM B. STURCH, et al.,    ) | |
| ) | |
|    Defendants.    ) | |

### ENTRY ON PENDING MOTIONS

This cause is before the Court on several fully-briefed motions, each of which is addressed, in turn, below.

*Plaintiffs' Claims*

The facts as alleged in the Plaintiffs' amended complaint are as follow.  The Plaintiffs in this case operate a short line railroad that provides railroad services such as the switching of rail cars for transport of goods throughout the United States.  In the spring of 2007, the Plaintiffs entered into an agreement with Defendant National Starch and Chemical Company ("National Starch") to provide railroad services at its Indianapolis plant.  Pursuant to the agreement, the Plaintiffs obtained insurance, utilities and an office trailer, deployed two locomotives, and hired a switching crew.  On August 1, 2007, the Plaintiffs began providing rail car switching services for National Starch in Indianapolis, although the written contract between the two parties had not yet been finalized.

The Plaintiffs' services to National Starch were at all time satisfactory.  However, Defendants John T. Rusk, National Starch's Bulk Operations Manager, Kevin Holding, National Starch's Procurement Coordinator, and William B. Sturch, who was at that time employed by the

Plaintiffs, negotiated with another company, Defendant Rail Serve, Inc., ("Rail Serve") to provide rail services in place of the Plaintiffs. Defendants Rusk and Holding also made false representations regarding the Plaintiffs' locomotives.

On March 17, 2008, Defendant Sturch organized a "walk-out" by Plaintiffs' employees at the Indianapolis plant, which resulted in the suspension of rail services for four hours. The Defendants then denied the Plaintiffs access to the plant and ordered their employees to vacate the premises. The next day, Defendant Rusk instructed the Plaintiffs to remove its locomotives from the Indianapolis plant. Rail Serve now provides railroad services at the plant.

The Plaintiffs assert five causes of action in their amended complaint. First, they assert a breach of contract claim against National Starch for unilaterally terminating their services. Second, they assert a claim for tortious interference based upon the allegation that Defendants Sturch, Rusk, Holding and Rail Serve worked together to induce National Starch to breach its contract with the Plaintiffs. The Plaintiffs also allege that Rail Serve interfered with the Plaintiffs' relationship with CSX by encouraging CSX to revoke a lease between it and the Plaintiffs. The Plaintiffs' third claim is one for defamation against Defendant Sturch, based upon false information he allegedly gave to others about the Plaintiffs and their locomotives, and against Defendants Rusk and Holding, based upon false information they gave others about Plaintiffs and its business operations. The fourth cause of action seeks payment of unpaid invoices for the Plaintiffs' services to National Starch. Finally, the Plaintiffs allege that National Starch has retained possession of one of its locomotives and therefore is liable for conversion and trespass.

*Motion to Partially Dismiss and for More Definite Statement (dkt. # 37 and 39)*

Defendants National Starch, Rusk, and Holding ("National Starch Defendants") have filed

a motion to dismiss the Plaintiffs' claims against them for tortious interference, defamation, and conversion and trespass. In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiffs. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

With regard to the tortious interference claim, the National Starch Defendants argue that Rusk and Holding cannot be liable for tortiously interfering with the contract between National Starch and Plaintiffs because they were employees of National Starch and the complaint does not allege that they acted outside of the scope of their employment. It is true, of course, that a

> party cannot "interfere" with its own contracts, so the tort itself can be committed only by a third party. In the case of a corporation, the legal entity acts through its directors and officers. Thus, when officers or directors act in their official capacity as agents of the corporation, they act not as individuals but as the corporation itself. In doing so, they are not acting as a third party, but rather as a party to the contract and cannot be personally liable for tortious interference with the contract.

*Trail v. Boys and Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 138 (Ind. 2006). However, "when directors or officers act outside the scope of their official capacity, they no longer act as agents of the corporation and therefore act as a third party. Directors and officers who act outside the scope of their official duties therefore can be held personally liable for tortious interference with a contract." *Id.* It is also true that a corporation can also act through its employees, and an

3

employee acting within the scope of his employment is acting as the corporation itself and thus cannot tortiously interfere with one of the corporation's contracts.

That said, however, the Court disagrees with the National Starch Defendants' argument that the amended complaint in this case is subject to dismissal because the Plaintiffs did not plead that Rusk and Holding were acting outside the scope of their employment when they took the actions that the Plaintiffs allege constitute tortious interference. Clearly the Plaintiffs will have to prove that fact in order to prevail on their claim. However, a complaint does not have to include every necessary fact; rather, a plaintiff in federal court is required only to "describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Equal Employment Opportunity Comm. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007). This is not a particularly high threshold, and in this case it is as least plausible that Rusk and Holding's actions were outside the scope of their employment.[1] Accordingly, the motion to dismiss is **denied** as to that claim.

Next, the National Starch Defendants argue that the amended complaint fails to state a claim for defamation because it does not allege what defamatory statements were made and to whom. As the Defendants note, the amended complaint alleges that Rusk and Holding "made false representations regarding the Plaintiffs' locomotives," Amended Complaint ¶ 27, and

---

[1]The National Starch Defendants' reliance on *Trail* goes too far. Trail involved the directors of a corporation, and the court specifically found that "basic corporation law afford[ed] the directors authority to engage in the activity at issue." Therefore, the court determined that dismissal of the tortious interference claim was appropriate "[b]ecause Trail ha[d] not alleged any fact that overcomes the presumed and implied powers of the directors." Rusk and Holding were not officers or directors, however, and the scope of their employment was governed by the particular duties of their jobs and the authority given to them by National Starch. These are the types of specific facts which do not have to be pled under federal notice pleading.

"represented false information to others about Plaintiffs and its' [sic.] business operations," *id.* at ¶ 50, without giving any additional information about the alleged defamatory statements. While notice pleading is sufficient for a claim of defamation, and thus the Plaintiffs were not necessarily required to set out the "who, what, when, and where" of the alleged defamatory statements, they were required to provide enough information to give the Defendants fair notice of what statements the defamation claim refers to. The Court determines that, with regard to the defamation claim against Rusk and Holding, the amended complaint is simply too vague to satisfy even the lenient standard of notice pleading. Accordingly, the motion to dismiss is **granted** with regard to that claim.

National Starch next argues that the conversion and trespass claim should be dismissed because U.S. Rail has failed to plead facts that establish that National Starch converted or trespassed upon its locomotive. However, under notice pleading, "it is not necessary to plead facts matching elements of legal theories." *Christensen v. County of Boone, IL*, 483 F.3d 454, 466 (7th Cir. 2007). The allegations of conversion and trespass in the amended complaint are sufficient to put the Defendants on notice of the Plaintiffs' claims; that is all that is required. Accordingly, the motion to dismiss is **denied** as to those claims.

Finally, the Court agrees that National Starch is entitled to a more definite statement regarding the Plaintiffs' breach of contract claim. The amended complaint alleges the existence of a contract, but does not state whether the contract was written or oral, and also does not set forth what terms were breached. The Court agrees with National Starch that this information is necessary for it to formulate an informed answer to the amended complaint. Accordingly, the motion for more definite statement is **granted**.

*Sturch's Partial Motion to Dismiss (dkt. #42)*

Defendant Sturch's partial motion to dismiss seeks to dismiss the defamation claim against

him. Inasmuch as the allegations of defamation against him in the amended complaint are just as vague as those against the National Starch Defendants, Sturch's motion is **granted**.

*Conclusion*

For the reasons set forth above, Sturch's partial motion to dismiss (dkt. #42) is **granted** and the National Starch Defendants' motion to dismiss (dkt. #37) is **granted** with regard to the defamation claim only. The defamation claim against the National Starch Defendants and Sturch is **dismissed without prejudice**; however, any motion to amend the complaint to reinstate that claim by pleading with more specificity must be filed **within ten days of the date of this Entry** and the dismissal will convert to one with prejudice in the absence of such a motion by that date. The National Starch Defendants' motion to dismiss is **denied** in all other respects. Also for the reasons set forth above, the motion for more definite statement (dkt. #39) is **granted**. The Plaintiffs shall file a more definite statement that sets forth the basis for its breach of contract claim **within ten days of the date of this Entry**. The National Starch Defendants' answer to the amended complaint shall be filed **within ten days of the date the more definite statement is filed** or, if a timely motion to amend is filed by the Plaintiffs, within ten days of the Court's ruling on that motion.

SO ORDERED:   03/05/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification