UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| U S RAIL CORPORATION and ) | |
| U S RAIL CORP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO: 1:08-cv-0585-WTL-DML |
| ) | |
| WILLIAM STURCH, ) | |
| NATIONAL STARCH, LLC, ) | |
| JOHN T. RUSK, KEVIN HOLDING, and ) | |
| RAIL SERVE, INC., ) | |
| ) | |
| Defendants. ) | |

## Order on Pending Motions

This matter is before the court on several pending motions specifically addressed below. Most of these motions relate to or implicate this court's Order of September 28, 2009, in which the court required as a condition to US Rail's ability to produce a different Rule 30(b)(6) designee (Gabriel Hall) that it first pay certain costs and fees the defendants had incurred as a result of US Rail's production of its original Rule 30(b)(6) designee (Marion Hall). Absent US Rail's "strict compliance" with those conditions, the September 28 Order provides that the original Rule 30(b)(6) deposition testimony of Marion Hall "will be the binding testimony of the plaintiff on all subjects delineated in the notice of deposition, and US Rail will not be permitted to offer any evidence at trial or in connection with summary judgment that varies from or supplements that testimony."

**Motion to Enforce September 28, 2009 Order (Dkt. 138)**

Notwithstanding that Order, on October 9, 2009, counsel for US Rail informed defense counsel that Gabriel Hall would be made available for deposition on October 14, 2009, but that

US Rail would not be making the requisite payments set forth in this court's order. That correspondence led to the Motion of Defendants National Starch LLC, John T. Rusk, and Kevin Holding to Enforce this Court's September 28, 2009 Order. (Dkt. 138) That motion is DENIED AS UNNECESSARY; the requested order would add nothing to the court's September 28, 2009 Order, which it fully intends to enforce.

**Motion for Leave to File an Amended Complaint (Dkt. 142)**

On October 22, 2009, the plaintiffs filed a motion seeking leave to amend their complaint to add a cause of action for "conspiracy." (Dkt. 142) The court DENIES the motion for several reasons. First, the motion is untimely and would unduly prejudice the other parties, both factors warranting denial of leave to amend under Fed.R.Civ.P. 15. This case is set for trial on March 8, 2010. Discovery is closed, and the plaintiffs acknowledge that amendment would require the reopening of discovery. (*See* Dkt. 143.) The defendants have filed and briefed motions for summary judgment.

Second, the deadline established by the case management plan for amending the pleadings was over one year ago. The plaintiffs have not begun to satisfy their burden of demonstrating good cause (under Fed.R.Civ.P. 16(b)) for failing to meet that deadline.

Third, the plaintiffs have offered no explanation why the evidence of the conspiracy they now advance was not identified earlier – its source, one of their own former employees, is an individual who was identified in initial disclosures over a year ago and several additional times thereafter.

Fourth, the court is left with the firm impression that the plaintiffs' request to amend their complaint is nothing more than an attempt to evade this court's earlier order binding

them to the testimony they have already offered on the claims in the existing operative complaint.

The motion for leave to amend (Dkt. 142) is DENIED.

**Motion to Reopen Discovery and Postpone Determination of**
**Summary Judgment Pursuant to Fed.R.Civ.P. 56(f) (Dkt. 143)**

The plaintiffs ask the court to reopen discovery and to postpone determination of the pending summary judgment motions until thirty days after the close of that discovery period. (Dkt. 143)  The request to reopen discovery assumes amendment of the complaint will be permitted.  Because it will not, reopening discovery would be inappropriate and unnecessary. From a Rule 56(f) standpoint, the plaintiffs' motion also does not explain how the development of evidence of conspiracy (1) could not have been completed sooner, before the close of discovery and before the filing of summary judgment motions, and (2) is necessary to counter the arguments advanced in the defendants' pending motions for summary judgment, which are grounded in the contention that there was no valid and enforceable contract between the plaintiffs and National Starch.  Dkt. 143 is therefore DENIED.

**Motions to Strike Gabriel Hall Affidavit (Dkt. 154, 155, 159)**
**and Request for Oral Argument on the Matter (Dkt. 160)**

On October 30, 2009, the plaintiffs filed their response to the defendants' motion for summary judgment, and in support of that response submitted the Affidavit of Gabriel Hall. With that affidavit, the plaintiffs clearly attempt to present testimony that "varies from or supplements" the Rule 30(b)(6) deposition testimony of Marion Hall.  The defendants have moved to strike the affidavit as violative of the court's September 28 Order.[1]  In response, the plaintiffs maintain that the affidavit is not inconsistent with the order because Gabriel Hall has

---

[1] The defendants have raised additional arguments in their motions to strike that are unnecessary to address in light of the court's ruling on the motions.

offered "opinion testimony as a lay witness" and is not a "corporate witness" under Rule 30(b)(6).

This attempt to dance around the court's September 28 Order must fail. That order did not merely prohibit Rule 30(b)(6) testimony in variance or supplementation of the existing Rule 30(b)(6) testimony; it prohibits US Rail from offering "*any evidence* at trial or in connection with summary judgment that varies from or supplements" the Rule 30(b)(6) testimony of Marion Hall. The Motions to Strike (Dkt. 154, 155, 159) are therefore GRANTED, and the Affidavit of Gabriel Hall IS STRICKEN and will not be considered in connection with the defendants' motions for summary judgment. The plaintiffs' request for oral argument on the motions (Dkt. 160) is DENIED.

**Motion for Order Finding Plaintiffs in Contempt of Court (Dkt. 156)**

Defendant William Sturch maintains that the plaintiffs' submission of the Gabriel Hall Affidavit (addressed above) was in defiance of the September 28 Order, meriting an award to Sturch of "his reasonable fees and costs associated with opposing Plaintiffs' contemptuous conduct." (Dkt. 156) The court has addressed that conduct in connection with the motions to strike and finds that no further sanction is necessary or appropriate at this time. Dkt. 156 is therefore DENIED.

**Motions to Strike the Plaintiffs' Response as Untimely (Dkt. 161, 162)**

The plaintiffs' response in opposition to the motions to strike (Dkt. 160) was untimely, so the defendants have moved to strike it on that basis. (Dkt. 161, 162) The court nevertheless chose to address that response in its consideration of the motions to strike the Gabriel Hall Affidavit and therefore DENIES these motions to strike (Dkt. 161, 162).

So ORDERED.

Date: 12/30/2009

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anthony Joseph Calamunci
ROETZEL & ANDRESS
acalamunci@ralaw.com

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Deborah J. Caruso
DALE & EKE
dcaruso@daleeke.com

Kevin J. Cooper
ROETZEL & ANDRESS, LPA
kcooper@ralaw.com

Kelly R. Eskew
CANTRELL STRENSKI & MEHRINGER, LLP
keskew@csmlawfirm.com

Barbara A. Jones
CANTRELL, STRENKSI & MEHRINGER, LLP
bjones@csmlawfirm.com

David G Kern
ROETZEL & ANDRESS LPA
dkern@ralaw.com

Erick P. Knoblock
DALE & EKE PC
eknoblock@daleeke.com

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com

Susan Elizabeth Mehringer
CANTRELL STRENSKI & MEHRINGER, LLP
smehringer@csmlawfirm.com

Michele L. Noble
THOMPSON HINE, LLP
michele.noble@thompsonhine.com

O. Judson Scheaf III
THOMPSON HINE LLP
jud.scheaf@thompsonhine.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

5